IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GLOBALTECTRUST LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 13-481 (RGA) |
| | ) |
| COX COMMUNICATIONS, INC., | ) |
| | ) |
| Defendant. | ) |

**COX COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT**

Cox Communications, Inc. ("Cox") hereby responds to the allegations of GlobeTecTrust LLC's (Plaintiff) Complaint for Patent Infringement (the "Complaint") as follows:

**THE PARTIES**

1. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and therefore denies those allegations.

2. Cox admits the allegations of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. Cox admits that Plaintiff purports to allege an action for patent infringement arising under the laws of the United States, Title 35 of the United States Code. Cox also admits that subject matter jurisdiction over claims of patent infringement is proper under 28 U.S.C. §§ 1331 and 1338(a).

4. Cox admits that Cox is subject to personal jurisdiction within this district. Cox denies that it has committed acts of patent infringement either directly and/or through

intermediaries in this district or elsewhere. Cox denies all other allegations in Paragraph 4 of the Complaint.

     5.     Cox admits that venue is proper within this district as to Cox.

## COUNT I
(Infringement of U.S. Patent No. 6,272,548)

     6.     Cox admits the allegations of Paragraph 6 of the Complaint.

     7.     Cox admits that U.S. Patent No. 6,272,548 ("the '548 patent") entitled "Dead Reckoning Routing of Packet Data Within a Network of Nodes Having Generally Regular Topology" issued on August 7, 2001 and that a copy of what appears to be the '548 patent is attached as Exhibit A to the Complaint. Cox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint and therefore denies those allegations.

     8.     Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and therefore denies those allegations.

     9.     Cox expressly denies that it has committed or is continuing to commit any acts of infringement of any claim of the '548 patent. Cox admits that it uses a Multiprotocol Label Switching (MPLS) network but expressly denies that its network includes nodes as claimed in the '548 patent that route network traffic according to the method claimed in the '548 patent for, among other things, the purposes of traffic engineering and core network transport.

     10.     Cox expressly denies that it has induced infringement of any claim of the '548 patent or is continuing to induce infringement of any claim of the '548 patent and denies the remaining allegations of Paragraph 10 of the Complaint.

11. Cox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies those allegations. Cox expressly denies that it has committed or is continuing to commit any acts of infringement or that it has induced or is continuing to induce infringement of the '548 patent.

12. Cox denies the allegations of Paragraph 12 of the Complaint and expressly denies that Plaintiff has suffered or will continue to suffer monetary damages as result of any activities attributable to Cox.

13. Cox denies the allegations of Paragraph 13 of the Complaint and expressly denies that Plaintiff will suffer any harm as result of any activities attributable to Cox.

## DEMAND FOR JURY TRIAL

Cox admits that Plaintiff is seeking a trial by jury.

## PRAYER FOR RELIEF

Cox admits that Plaintiff is seeking the relief requested in the Prayer for Relief, but expressly denies that Plaintiff is entitled to the relief requested from Cox.

## AFFIRMATIVE DEFENSES

Cox alleges and asserts the following defenses in response to the allegations by Plaintiff, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Cox has not infringed and is not infringing, and has not induced and is not inducing, any claim of the '548 patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is estopped, by virtue of the prior art or the prosecution of the '548 patent from asserting infringement against Cox.

### FOURTH AFFIRMATIVE DEFENSE

4. Each claim of the '548 patent is invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

### FIFTH AFFIRMATIVE DEFENSE

5. The equitable doctrines of waiver, estoppel, and/or laches bar some or all of Plaintiff's claims for damages and other relief.

### SIXTH AFFIRMATIVE DEFENSE

6. To the extent Plaintiff failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Cox's actions allegedly infringed the '548 patent, Cox is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '548 patent.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims for damages are limited by 35 U.S.C. § 286, which prohibits recovery for any infringement committed more than six years before the filing of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

8. Cox does not infringe because Plaintiff has licensed, or through license to third parties, the '548 patent and has exhausted its rights in the '548 patent and thus any use by Cox thereof is with authority.

9. Cox reserves the right to supplement its defenses as the result of any information that it confirms or learns during the course of discovery in this matter.

## JURY DEMAND

Cox demands trial by jury on all issues triable as of right by a jury.

WHEREFORE, Cox respectfully prays that the Court enter judgment:

a. Entering judgment in favor of Cox dismissing Plaintiff's Complaint with prejudice;

b. Declaring this an exceptional case under 35 U.S.C. § 285;

c. Awarding Cox its costs, including attorneys' fees, incurred in defending this action; and

d. Awarding Cox such other relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld  (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

OF COUNSEL:

*Attorneys for Defendant*

Mitchell G. Stockwell
Vaibhav P. Kadaba
Richard W. Goldstucker
KILPATRICK TOWNSEND & STOCKTON, LLP
1100 Peachtree Street
Suite 2800
Atlanta, GA  30309
(404) 815-6500

May 20, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 20, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Kenneth L. Dorsney, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue<br>Suite 1500<br>Wilmington, DE  19801 | *VIA ELECTRONIC MAIL* |
| Marc A. Fenster, Esquire<br>Alexander C.D. Giza, Esquire<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Boulevard<br>12th Floor<br>Los Angeles, CA  90025-1031 | *VIA ELECTRONIC MAIL* |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)